Cheves, J.
delivered the opinion of the Court.
The Court is under the necessity of being governed by the report of the Judge, except where the counsel can agree upon a statement. They are aware that this may produce occasional hardship, but, as a general rule, it will cause the least embarrassment both to the bar and the bench.
It is the settled practice, of the Court to limit objections to the competency of testimony to the time of the trial below. The first ground must, therefore, be laid out of the question, and the second only will remain for consideration.
There is certainly testimony, and a great deal of satisfactory and uncontroverted testimony, of money received by the defendant belonging to the intestate; and the only doubt which can be *300 raised in the case is, whether the testimony sup-_ J * ports so large a verdict as 1600 dollars.
Charleston,
May, 1817.
The admissions of a defendant have always considered the best evidence against him. These admissions need not always be auricular Conversations which have passed in the hearing of the party respecting the matters in difference, and which were not contradicted by him, are good evidence of his admission of the facts alleged. 2 Esp. N. P. 519. Gould's edit.
in this case, it was averred by the plaintiff repeatedly, in the hearing of the defendant, and In conversations addressed particularly to him, that he had received money belonging to the intestate, to the amount of 2000 dollars, and he did not contradict it. If there had been no other evidence in the cause, if the question had been fairly submitted to the Jury, and on that head there is no complaint, 1 should have been at a loss to say on what ground the verdict should have been set aside. If it had been for 2000 dollars, I could not say it ought to have been set aside. I readily admit, such testimony may be equivocal, and should sometimes be received on the trial with cautious and reluctant credence, but at other times it will be acknowledged to be perfectly satisfactory. This discrimination can seldom be made but on the trial. The testimony had passed this ordeal before it reached us, and vt'e can only see it in a shape that supports the verdict, unless from other testimony it should *301 be made manifest that it was not entitled to that weight. Is there any such testimony in this case ? r 1 • 1 T . mi ini I think there is none. The deiendant gave no evidence at all bearing on the issue, a circumstance, which very much strengthens evidence of this nature. On the contrary, there is very strong evidence to confirm this implied admission. 300 dollars belonging to the intestate, at one time, came into the hands of the defendant; at another time, a bag full of coin, for there seems to be no doubt it was coin. There is reason to believe the trunk may also have contained money. The deceased had 8 or 900 dollars in gold and silver, a short time before his death, and the defendant declared he-had got the best part of the intestate’s estate. These latter circumstances, in themselves, might not prove a specific sum so large as 1600 dollars, but they greatly strengthen the implied admission of 2000 dollars. If the verdict had been for much less than 1600 dollars, 1 should have thought .it was further from doing justice than in its present state. It is, however, asked, if this implied admission be relied upon, why was not the verdict for 2000 dollars? If it has been shown that the evidence would have supported a yerdict for 2000 dollars, this objection will not lie with the defendant. But the Jury may have considered the gross value of the money and other articles to be 2000 dollars, and may have deducted therefrom the value of the articles which did not consist of mo *302 ney. If this was their view, it was very correct* for their value was not recoverable in this ac~ tion, which is tor money had and received; but these may be wrong, and are certainly unnecessary conjectures. I am of opinion a new trial ought not to be granted.
Prioleau, for the motion.
Richardson, contra.
Colcock and Johnson, J. concurred.
Bay and JYott, J. dissented.